Good morning, your honors. I would like to reserve two minutes for rebuttal. May it please the court, M'lod Satt for the petitioner. Now, in removal proceedings, an alien has a statutory and constitutional right to have the reasonable opportunity to provide evidence on his or her own behalf. Our argument here is that the immigration violated that right by refusing to grant petitioner a continuance. You know, the problem I have with your position is that there's been no information whatsoever brought forward suggesting that your client is eligible for either cancellation or voluntary departure or anything else. I mean, at the hearing, your client was told that if a motion to reopen would be brought forward with evidence or information, they'd be willing to entertain it. That information was not brought forward. On page 12 of the government's brief, they invite you once again to bring forward some eligibility. And not only is there no information, but there's not even any gray brief. So what is it that would make your client eligible for anything? We have no information on that at all. Certainly, your honor, it is correct that presently there is no information on the record whether the petitioner is statutorily eligible for non-LPR cancellation. Is your client eligible? Is your client eligible for cancellation of removal? Well, respectfully, my argument is... Are you going to take the fifth on me? No, I'm not going to take the fifth. My argument is that I understand the government's position on this, and they made it fully meaningful in their brief. But I believe that this type of evidence is proper, not before an appellate body, such as the BIA. Your honor, you were given an opportunity to bring it to the appropriate body in the first instance and didn't do it. Well, as in regards to a motion to reopen with the immigration judge, the problem with that is the immigration judge's denial of cancellation and order of removal was predicated not only because he found the petitioner eligible for permutation and eligible for cancellation, but also because he found the petitioner had basically abandoned his right to file his application for cancellation. Are you conceding that there's nothing in the record anywhere, anyplace, that makes your client eligible for anything? What I'm conceding is that due to the fact that a contingency was not granted in this instance to provide opportunity for petitioner through new counsel to obtain the required information and to prove whether, in fact, petitioner is permutation eligible. Well, let's go back to Judge Callahan's question. Do you have any such information at all? At present, I do not. Well, then what is this all about? This is turning into a farce. Well, no, I respectfully disagree. Do you have anything you can tell us to suggest why your client was prejudiced by what happened? In a legal sense, you're prejudiced if you're not given an opportunity to make an argument, make a showing. But you don't tell us that your client has a showing to make. So what's the prejudice? Well, again, I believe to establish prejudice is not necessarily to show that petitioner will be granted the relief he seeks, but rather that- So this is a question of form with absolutely no substance? No, Your Honor. I believe the substance could have been- But you don't have any. This is years later, and you're standing there as his lawyer, and you can't tell us that he's eligible in any respect. Have you done anything to try to investigate whether he's eligible? Yes, investigations I've been- And you can. There's nothing. You've been unable to uncover anything. Is that right? Again, I believe it's an open question whether he is eligible for counsel- Well, but counsel, courts really do care about giving people relief where they're entitled to it. I mean, we obviously care about factual innocence in criminal cases, and where people truly have been prejudiced, we do care about it. And obviously in this instance, you have the responsibility to show that your client's been prejudiced. Sometimes that's harder than other times, but the easy way here to show that he's been prejudiced is to, if you appended his criminal record and showed that there would be options for him to still get relief, that there would be things that could be done, and the total void of that is not meeting your burden to show prejudice, or also obviously an incredibly strong inference that he has no entitlement to relief. Again, I fully understand the court's point as to that. But again, I would go back to the fact that that was precisely why the continence was requested in the first place, to see whether, if at all, he is eligible for cancellation or not. Well, you play the cards you're dealt, but you're not letting us know that you've got anything as a whole card that gives your client any argument. And that may be what we have to work with, but the lack of prejudice is going to be a real problem with any judge trying to consider whether your client should be given still another chance. A chance for what? I understand. And again, I mean, the petitioner is eligible. It doesn't meet the statute of eligibility for continuous presence, and he does have a qualifying relative. So the focus, again, will be on whether there's a criminal bar to cancellation relief. So did you check out his record? I have reviewed his record, yes. Is it as was represented in the immigration court? Not entirely, no. Well, why shouldn't the mandate issue forthwith in this case if we disagree with you? Well, again, Your Honor, I believe this issue is better resolved within the context of an immigration court where there is an ability for fact-finding of whether, in fact, what convictions the petitioner has suffered and moreover what adverse immigration consequences would result from those convictions. Again, I do not believe that evidence is proper necessarily before an appellate body such as yourselves. I believe that is more probably presented in front of a body that has fact-finding. As Judge Callahan suggests, that would be wonderful if you had some, but you don't. We have not yet had the opportunity. How many years have you had to look into this? Well, I assume since probably it will be accurate since 2003. That's five years. That is correct. But, again, my point, again, is that... I understand your point. Well, and we appreciate that you're an officer of the court and you represent your client, but by the same token, you know, that, I mean, it's, you know, we're not in a position to give a person another shot when there's been absolutely no showing that they've been prejudiced and there's no basis for relief. I mean, we have our job to do. You obviously have yours. I mean, one final point is that in regards to the alleged admissions that the petitioner made before the immigration court, I would have trouble with that conversation with the court in that I do not believe the petitioner was in the correct position to be answering basically questions of law before an immigration court. Well, he's had lawyers at every turn, and now he has you. He had an opportunity to file a petition, a motion to reopen where, you know, and lawyers know how to get criminal records and append those and make those arguments, and none of that's ever been done, and that obviously, you know, that's a problem. I think we have your position. Do you want to save the remaining time for rebuttal? Yes. Thank you. Good morning. May it please the Court. I'm Josh Bronson for the Attorney General. In light of the foregoing, unless the Court has any questions, I think the government would submit on its briefs. No questions. I do have a question. Yes, Your Honor. I mean, we've discussed prejudice here, and that would be one way to resolve it, but the briefs deal with, you talk about substantive due process in your brief as far as that goes. What's your position about whether an alien has a procedural due process right to a full and fair cancellation of removal hearing? Well, I think that since we wrote the brief, this Court, the Court came out with Fernandez-Gonzalez, in which it noted that for purposes, and this may be dictative, but the Court's position seems to be that for purposes of a procedural due process or an ineffective assistance of counsel claim predicated on the right to a full and fair hearing, those would not be affected by the type of relief being requested. So at least in footnote 8 of Fernandez, the Court's position, again, if it's not dictative, is that he has a right to a full and fair hearing in a cancellation hearing. In a procedural due process sense. That's what the Court seems to have said. I don't have any further questions. I think we're good. Thank you. Thank you very much. I don't know that there's anything to rebut. Mr. Sater, you have the time. If there's something more you want to tell us. I have nothing to add. Therefore, I submit. We appreciate the arguments by both sides. The case just argued is submitted.
judges: Trott, Clifton, Callahan